~~CHAMBERS COPY~~

FILED
CLERK, U.S. DISTRICT COURT

FEB -2 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Priority ___
Send ___
Enter ___
Closed ___
~~JS-5~~/JS-6 ✓
JS-2/JS-3 ___
Scan Only ___

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

GREG HATTO,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC., and DOES 1 to 10, inclusive,

    Defendants.

Case No. cv11-05156 SVW (MRW)

[~~PROPOSED~~] ENTRY OF JUDGMENT

Compl't Filed: June 21, 2011
Judge: Hon. Stephen V. Wilson

11683309_1.DOC

1   Defendant HOME DEPOT, U.S.A., INC.'S (hereafter "Defendant") Motion
2   for Summary Judgment, or in the Alternative, Partial Summary Judgment, was
3   decided in Chambers before the Honorable Stephen V. Wilson, on January 19, 2012.
4   The following decision was reached:
5   Defendant's Motion for Summary Judgment was GRANTED. The reasons for
6   the Court's Order granting the motion are set forth in the written order attached
7   hereto as Exhibit 1.
8   Based on the attached Exhibit 1, IT IS HEREBY ORDERED that Plaintiff
9   recover nothing, the action be dismissed on the merits with prejudice, and that
10  Defendant recover costs from Plaintiff pursuant to the procedures set forth in Rule 54
11  of the Federal Rules of Civil Procedure and Local Rule 54.
12  IT IS SO ORDERED.

Dated: 2/2/12

Hon. Stephen V. Wilson
United States District Court Judge

11683309.1 (OGLETREE)

EXHIBIT 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-05156-SVW (MRWx) | Date | January 19, 2012 |
|---|---|---|---|
| Title | Greg Hatto v. Home Depot USA Inc et al | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:** IN CHAMBERS ORDER Re Defendant's Motion for Summary Judgment; Motions to Strike [13] [22] [23]

## I. INTRODUCTION

On June 21, 2011, Plaintiff Greg Hatto filed the instant action alleging three claims against his former employer, Defendant Home Depot U.S.A., Inc. ("Home Deport") for: (1) Wrongful Termination in Violation of Public Policy (2) Breach of Express and Implied-in-Fact Contracts not to Terminate Without Good Cause, and (3) Defamation and Compelled Self-Defamation. Defendant filed the instant Motion for Summary Judgment on December 22, 2011.

Defendant's Motion is GRANTED for the reasons set forth in this Order.

## II. FACTUAL BACKGROUND[1]

On February 10, 2005, Plaintiff applied for a job with Home Depot and signed a job application form containing an express statement that, should Plaintiff be hired, his employment would be at-will. Plaintiff also acknowledged in writing that he was to follow all Home Depot rules and regulations, including a zero tolerance "Workplace Violence Policy" and a "Respect Policy." (Cleary Decl., Exs. 2-4). Plaintiff was hired, and began working in Defendant's Simi Valley, California store. Plaintiff held the position of Assistant Store Manager when the events giving rise to this case occurred.

On July 20, 2010, Casy Morales, a Human Resources employee, learned from a Juoti Alagh, a Simi Valley Home Depot employee that fellow Simi Valley Home Depot employee Alice "Kathie"

---

[1]This factual summary is intended to provide context for the parties' dispute and is not meant to constitute factual findings or a ruling on the parties' evidentiary disputes.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-05156-SVW (MRWx) | Date | January 19, 2012 |
|---|---|---|---|
| Title | Greg Hatto v. Home Depot USA Inc et al | | |

## JS - 6

Mattern had told Alagh about an incident during which Mattern claimed that Plaintiff threatened to strike Mattern in the face. (Morales Depo. 33:18-21; 35:2-36:15; 33:22-34:7; 34:10-20). Mattern relayed the details of Plaintiffs' alleged threat to Morales a few days later. (Morales Depo. 65:13-17). Morales proceeded to interview and obtain written statements from Home Depot employees Jamie Robbins and Erik Scott, who allegedly witnessed the incident, as well as Plaintiff. (Morales Depo., Exs. 3-4, 7).

Morales found Scott's statement that he remembered Plaintiff making a threat against Mattern credible. (Morales Depo. 66:17-21). As a result, Morales concluded that Plaintiff had violated Defendant's Workplace Violence Policy, and that his employment should be terminated. (Morales Depo. at 82:21-83:9). Morales discussed her investigation and her belief that Plaintiff should be terminated with her supervisors, Lawrel Demmert and John Cleary. (Morales Depo. 48:6-11; 50:8-15; Cleary Decl. ¶¶ 8-9). Demmert and Cleary agreed with Morales' findings, and thus recommended to District Manager Steven Yamamoto that Plaintiff's employment be terminated. (Morales Depo. 52:15-32; Yamamato Decl. ¶ 3). On August 7, 2010, Morales and Juan Mutaz, another manager, informed Plaintiff that he was being terminated, effective immediately, based on Morales' investigation. (Morales Depo. 82:18-20;70:1-15; 72:1-10; Hatto. Depo. 114:20-115:11; 119:10-22; 131:5-9).

Plaintiff disputes Defendant's proffered reasons for his termination, claiming that he was retaliated against for reporting allegedly illegal activity within the company (the "returns investigation"). (Opp. at 3-4). Specifically, in July 2010, Plaintiff claims that he discovered that Mattern had possibly "returned" items for refund without physically returning the items themselves. Hatto reported this activity to the Home Depot Loss Prevention department as well as to management personnel. Though Plaintiff believed that Mattern should be terminated, the Loss Prevention department informed Plaintiff that it believed a warning, not termination, was appropriate. Plaintiff then spoke with Mattern and gave her a "write up." Plaintiff claims that he never threatened Mattern, and that his termination, which occurred several weeks later, was really the result of Plaintiff's reporting of Mattern's allegedly illegal conduct.

### III. LEGAL STANDARDS

#### A. Summary Judgment

Rule 56(c) requires summary judgment for the moving party when the evidence, viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Tarin v. County of Los Angeles, 123 F.3d 1259, 1263 (9th Cir. 1997).

The moving party bears the initial burden of establishing the absence of a genuine issue of material fact. See Celotex Corp v. Catrett, 477 U.S. 317, 323-24 (1986). The moving party may satisfy

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-05156-SVW (MRWx) | Date | January 19, 2012 |
|---|---|---|---|
| Title | Greg Hatto v. Home Depot USA Inc et al | | |

## JS - 6

its Rule 56(c) burden by "'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex, 477 U.S. at 325. Once the moving party has met its initial burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and identify specific facts that show a genuine issue for trial. See id. at 323-24; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A scintilla of evidence or evidence that is merely colorable or not significantly probative does not present a genuine issue of material fact. Addisu v. Fred Meyer, 198 F.3d 1130, 1134 (9th Cir. 2000). Only genuine disputes over facts that might affect the outcome of the suit under the governing law, i.e., "where the evidence is such that a reasonable jury could return a verdict for the nonmoving party," will properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 248.

Under Local Rules 56-2 and 56-3, these triable issues of fact must be identified in the non-moving party's "Statement of Genuine Issues" and supported by "declaration or other written evidence." See also Sullivan v. Dollar Tree Stores, Inc., 623 F.3d 770, 779 (9th Cir. 2010) ("Federal Rule of Civil Procedure 56(e)(2) requires a party to "set out specific facts showing a genuine issue for trial."). If the non-moving party fails to identify the triable issues of fact, the court may treat the moving party's evidence as uncontroverted, so long as the facts are "adequately supported" by the moving party. Local Rule 56-3; see also International Longshoremen's Ass'n, AFL-CIO v. Davis, 476 U.S. 380, 398 n.14 (1986) ("[I]t is not [the Court's] task *sua sponte* to search the record for evidence to support the [parties'] claim[s]."); Carmen v. San Francisco United School District, 237 F.3d 1026, 1029 (9th Cir. 2001) ("A lawyer drafting an opposition to a summary judgment motion may easily show a judge, in the opposition, the evidence that the lawyer wants the judge to read. It is absurdly difficult for a judge to perform a search, unassisted by counsel, through the entire record, to look for such evidence.").

### B. Wrongful Termination in Violation of Public Policy

To adequately plead wrongful discharge in violation of public policy, a plaintiff must allege (1) the existence of a fundamental public policy; (2) a nexus between his/her termination and the protected activity related to that public policy, and (3) damages resulting from the termination. See, e.g., Turner v. Anheuser-Busch, Inc., 7 Cal.4th 1238, 1258-59 (1994); see also Tameny v. Atlantic Richfield Co., 27 Cal.3d 167, 176-77 (1980)

A discharge is actionable as against public policy only if it violates a policy that is: (1) delineated in either constitutional or statutory provisions; (2) "public" in the sense that it "inures to the benefit of the public" rather than serving merely the interests of the individual; (3) well established at the time of the discharge; and (4) "substantial" and "fundamental." Stevenson v. Superior Court 16 Cal.4th 880, 901-02 (1997). The cases in which California courts have recognized a separate tort cause of action for wrongful termination in violation of public policy generally fall into four categories, where the employee is discharged for: (1) refusal to violate a statute; (2) performing a statutory obligation; (3)

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-05156-SVW (MRWx) | Date | January 19, 2012 |
|---|---|---|---|
| Title | Greg Hatto v. Home Depot USA Inc et al | | |

JS - 6

exercising (or refusing to waive) a statutory or constitutional right or privilege; or (4) reporting an alleged violation of a statute of public importance. Pettus v. Cole, 49 Cal. App. 4th 402, 454 (1996).

"[W]here, as here, a statutory touchstone has been asserted, we must still inquire whether the discharge is against public policy and affects a duty which inures to the benefit of the public at large rather than to a particular employer or employee." Foley v. Interactive Data Corp., 47 Cal. 3d 654, 669 (1998). Statutes do not inure to the benefit of the public where they "simply regulate conduct between private individuals, or impose requirements whose fulfillment does not implicate fundamental public policy concerns." Id.; See also Hunter v. Up-Right, Inc., 6 Cal. 4th 1174, 1186 (1993) (holding that civil claims of fraud or deceit are essentially private disputes seeking monetary remedies, and not actions to vindicate broader public interests); Rivera v. National Railroad Passenger Corp., 331 F.3d 1074 (9th Cir. 2003) (holding that termination for complaining about the illegal drug use of others did not implicate a public policy sufficient to sustain wrongful termination in violation of public policy).

If a plaintiff can establish a fundamental policy expressed in a statute or constitutional provision, he or she must also establish a nexus between the allegedly protected conduct and the employer's adverse treatment. See Turner, 7 Cal. 4th at 1258. The necessary causal link is not established if the evidence does not support an inference that the individuals who made the termination decision had knowledge that the employee had engaged in the protected activity. See, e.g., Trop v. Sony Pictures Entm't. Inc., 129 Cal. App.4th 1133, 1145- 46 (2005).

IV.  DISCUSSION

  A.  **Plaintiff's First Claim for Wrongful Termination in Violation of Public Policy**

  1.  **Whether Plaintiff Engaged in Protected Activity**

Defendant argues that Plaintiff cannot establish a *prima facie* case because he cannot allege that he engaged in legally protected activity. (Mot. at 8). As Defendant notes, Plaintiff acknowledged that he "didn't complain about the returns investigation" but merely engaged in a "conversation with the district loss prevention person." (Hatto Depo. 99:7-15). Accordingly, Defendant argues that, because Plaintiff did not oppose the activity that he reasonably believed was illegal, Plaintiff's conduct did not constitute protected activity.[2] (Mot. at 8); see Yanowitz v. L'Oreal USA, Inc., 36 Cal.4th 1028, 1046-47

---

[2]Defendant also argues that Plaintiff cannot claim that he engaged in "whistleblowing" under Cal. Labor Code § 1102.5 because Plaintiff never reported unlawful activity to a public agency. (Mot.

| | : |
|---|---|
| Initials of Preparer | PMC |

| CV-90 (06/04) | CIVIL MINUTES - GENERAL | Page 4 of 12 |
|---|---|---|

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-05156-SVW (MRWx) | Date | January 19, 2012 |
|---|---|---|---|
| Title | Greg Hatto v. Home Depot USA Inc et al | | |

## JS - 6

(2005) (noting that, in order to constitute "protected activity," an employee "must oppose activity the employee reasonably believes" is illegal). The Court agrees with Defendant. However, even if, construing the facts in the light most favorable to Plaintiff, the Court were to conclude that Plaintiff did engage in protected activity, his wrongful termination claim still fails for the reasons set forth below.

      2.    **Public Policy Inuring to the Public Benefit**

Defendant argues that, even assuming that Plaintiff reported illegal conduct, no public policy inuring to the public benefit was implicated. (Mot. at 10). The Court agrees. "When an employee's disclosure of information to his employer serves only the employer's private interest, the employee has not stated a claim for wrongful termination." Rivera., 331 F.3d at 1079 (citing Gould v. Maryland Sound Industries, Inc., 31 Cal.App.4th 1137, 1149 (1995)). "Accordingly, reporting ongoing criminal conduct to an employer's management does not necessarily implicate a public interest." Rivera, 331 F.3d at 1079 (citing American Computer Corp. v. Superior Court, 213 Cal.App.3d 664 (1989)). The plaintiff in Rivera allegedly reported drug use by coworkers as well as a scheme to steal and re-sell Amtrak parts. Rivera, 331 F.3d at 1076-77. Unlike the conduct that Plaintiff reported in this action, the

at 9). While Defendant is correct that a report to a public agency is required in order to assert a claim under § 1102.5, Courts have upheld claims for wrongful termination in violation of public policy where the plaintiff reported allegedly unlawful activity to the employer but failed to report the activity to a public agency. See Chin, Wiseman, Callahan, & Exelrod, California Practice Guide, Employment Litigation, The Rutter Group §§ 5:22-229 (2010) (citing Green v. Ralee Eng. Co, 19 Cal. 4th 66 (1998) (affirming wrongful discharge action based on employees' internal report to private employer); Gould v. Maryland Sound Indus., Inc., 31 Cal.App.4th 1137, 1149 (1995) (wrongful termination claim upheld based on internal report to management that employer failed to pay required overtime wages); Collier v. Superior Court, 228 Cal.App.3d 1117, 1123 (1991) (upholding wrongful termination claim based on employee report to management regarding allegations of bribery, kickbacks and embezzlement); Hejmadi v. Amfac, Inc., 202 Cal.App.3d 525, 540 (1988) (upholding wrongful termination claim based on report to management that defendant's regular practices violated state law)). Accordingly, the Court finds that Plaintiff's failure to report Defendant's alleged misconduct to a public agency does not, in and of itself, prevent Plaintiff from establishing a *prima facie* case of wrongful termination in violation of public policy. However, as noted above, the Court finds that Plaintiff has failed to establish that a public policy inuring to the public benefit.

      :

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-05156-SVW (MRWx) | Date | January 19, 2012 |
|---|---|---|---|
| Title | Greg Hatto v. Home Depot USA Inc et al | | |

JS - 6

conduct at issue in <u>Rivera</u> was plainly illegal.³  Nonetheless, the court in <u>Rivera</u> found that the fact that the

plaintiff's conduct "may have achieved the laudable goal of preventing crime" was "not enough to fit within the narrow confines of wrongful termination in violation of public policy." <u>Id.</u> at 1080.

Here, Plaintiff simply reported a suspected violation of Home Depot's returns policy by another employee, Ms. Mattern. The Court agrees with Defendant that even if Plaintiff is correct that Mattern violated Defendant's returns policy, obtained a refund for merchandise she never returned, and then concocted false allegations about Plaintiff in order to retaliate against him for writing her up in connection with the returns investigation, Plaintiff's disclosure of Mattern's violation of an internal company policy inures not to the public benefit, but to Defendant's private interest in the enforcement of that policy. Furthermore, while Plaintiff repeatedly characterizes Mattern's conduct as a "theft," it as at best unclear whether Mattern's conduct was actually illegal. As noted above, the court in <u>Rivera</u> held that plaintiff's reporting of conduct by co-workers did not inure to the public interest even though the conduct at issue was clearly illegal.⁴  Accordingly, the Court finds that summary judgment on Plaintiff's

---

³In this case, Mattern did not bring two items she had purchased back to the store at the time that she received a refund, in the form of store credit. (Matter Depo. 74:23-25). Plaintiff admits that the items were "physically large." (Hatoo Decl. ¶ 6). Plaintiff further admits that one of the two items was later found in the store. (Hatto Depo. 63:1-7, 69:2-4). Therefore, as Defendant notes, it is clear that no theft occurred as to that item, nor could Plaintiff have reasonably believed that a theft occurred. As to the second item, the Loss Prevention department conducted an investigation and concluded that Mattern should be given a warning, not terminated. (Hatto Depo. 69:19-70). Neither party presents evidence to demonstrate whether the second item was ever located. Accordingly, it as best unclear whether Mattern's conduct was actually illegal, or was simply a violation of an internal store policy. Even if it could be shown that Mattern stole one item from Home Depot, the Court concludes that Plaintiff's reporting of that isolated incident inured only to the benefit of Defendant, not the public at large, for the reasons set forth above.

⁴Plaintiff's argument that the policies at issue "benefit the public through the recognized interest in a crime-free workplace" is unpersuasive. (Opp. at 11-12). First, as noted above, Plaintiff's conclusory allegations of theft notwithstanding, it as best unclear whether Mattern's conduct was illegal. Second, as Defendant notes, the cases Plaintiff relies on in his Opposition are distinguishable because those cases clearly implicate broad public interests. <u>See Collier v. Superior Court</u>, 228 Cal.App.3d 1117 (1991) (involving reports of suspected tax evasion, antitrust activity, drug trafficking and money laundering); <u>Rojo v. Klinger</u>, 52 Cal. 3d 65, 90 (1990) (involving reports of sexual harassment, which

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-05156-SVW (MRWx) | Date | January 19, 2012 |
|---|---|---|---|
| Title | Greg Hatto v. Home Depot USA Inc et al | | |

## JS - 6

first claim is appropriate.

### 3. Nexus Between the Allegedly Protected Conduct and the Employer's Adverse Treatment

The Court finds that Plaintiff has failed to establish a triable issue regarding a causal nexus as well. Plaintiff argues that he must show only that his allegedly protected activity was "a motivating reason" for his discharge. (Opp. at 3) (citing, e.g. CACI 2430, 2507; Grant-Burton v. covenant Care, Inc., 99 Cal.App.4th 1361, 1379 (2002)). However, as Defendant notes, the "motivating factor" test is appropriate only where there is an expression of specific legislative intent to use that test. (Reply at 6); see, e.g. Gross v. FBL Fin. Servs., 129 S.Ct. 2343, 2350-5 (2009) (applying "but-for" test in absence of explicit statutory authorization of the "motivating reason" test). Accordingly, Plaintiff must demonstrate that, but for his allegedly protected conduct, he would not have been terminated. Plaintiff has failed to meet this burden.[5]

While Plaintiff argues that the close proximity in time between his allegedly protected activity and his termination establish a causal nexus, timing alone is insufficient to prove pretext. See, e.g. Loggins v. Kaiser Permanente Intern., 151 Cal.App.4th 1102, 1112 (2007). Furthermore, Plaintiff cannot show that Yamamato (the decisionmaker), or anyone else involved in the decision to terminate Plaintiff's employment had any knowledge regarding the returns investigation, including Plaintiff's involvement in that investigation. (Mot. at 12); see, e.g. Reeves v. Safeway Stores, Inc., 121 Cal.App.4th 95, 113 (2004). While Plaintiff testified that he told Morales that Mattern might have a reason to lie because Plaintiff had previously disciplined her, this testimony does not establish that Defendant was aware of Plaintiff's allegedly protected conduct when deciding to terminate Plaintiff's

---

implicated "the fundamental public interest in a workplace free from the pernicious influence of sexism"); Casella v. SouthWest Dealer Services, Inc., 157 Cal.App.4th 1127, 1130-31 (2007) (involving a scheme by a car dealership to commit "theft by false pretenses" by quoting inflated monthly payment amounts directly to customers in order to hide the true cost of aftermarket products, thereby facilitating the sale of those products). In contrast, as noted above, the conduct it issue here implicates, at most, the possible theft of one item from a Home Depot store.

[5]The Court agrees with Defendant that, even if Plaintiff was correct that the Court should apply the "motivating factor" test, Plaintiff has failed to meet this burden as well.

|  | : |
|---|---|
| Initials of Preparer | PMC |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-05156-SVW (MRWx) | Date | January 19, 2012 |
|---|---|---|---|
| Title | Greg Hatto v. Home Depot USA Inc et al | | |

JS - 6

employment.[6] (Reply at 7; Hatto Depo. 82:18-83:4). As Defendant argues, "there could have been any number of reasons why Plaintiff disciplined Mattern, including clearly non-protected issues such as attendance or dress code violations." (Reply at 7). Accordingly, the Court concludes that Plaintiff has failed to meet his burden to raise at triable issue as to causal nexus. Therefore, summary judgment on Plaintiff's First Claim is appropriate on this basis as well.

### 4. Whether Plaintiff Can Establish Pretext

In order to defeat summary judgment, Plaintiff must produce "specific substantial evidence of pretext." Wallis v. J. Jr. Simplot Co., 26 F.3d 885, 890 (9th Cir. 1994) (internal citation omitted). "[A contrary] position would require a trial in every . . . case, even where no genuine issue of material fact exists concerning the legitimacy of the employer's . . . reasons." Id. Plaintiff has not met this burden. Plaintiff attempts to show pretext by arguing that, while Plaintiff was terminated for allegedly violating one "Major Work Rule," Mattern was not terminated in spite of Plaintiff's claim that Mattern "clearly violated several . . . 'Major Work Rules' herself." (Opp. at 16). In order to be an appropriate comparator, Mattern must be "similarly situated . . . in all material respects." Moran v. Selig, 447 F.3d 748, 755 (9th Cir. 2006). As Defendant notes, Plaintiff and Mattern were not "similarly situated." (Reply at 7-8). For example, comparator employees must "have similar jobs and display similar conduct." Vasquez v. County of Los Angeles, 349 F.3d 634, 641 (9th Cir. 2003) (footnote omitted). As Defendant argues: (1) Mattern was not accused of similar conduct; and (2) while Plaintiff was a manager, Mattern was an hourly associate. (Reply at 8; Hatto Depo. 28:8-9; Cleary Decl. ¶ 8.).

Plaintiff also advances a "cat's paw" theory, claiming that Defendant's decision to terminate Plaintiff's employment was tainted by Mattern's alleged bias against Plaintiff. (Opp. at 16-17) (citing, e.g. Reeves v. Safeway Stores, Inc., 121 Cal.App.4th 95, 113 (2004)). However, as Defendant notes, under California law, Plaintiff must show bias not on the part of his accuser, but on the part of contributors to the decision to terminate his employment. Reeves, 121 Cal.App.4th at 113. Mattern, an hourly employee, did not participate in the decision to terminate Plaintiff's employment. Accordingly, the Court agrees with Defendant that Plaintiff's "cat's paw" theory cannot rest on any alleged bias on the part of Mattern, his accuser. Accordingly, because Plaintiff has failed to establish "specific substantial evidence of pretext," summary judgment is appropriate on Plaintiff's First Claim on this basis as well.

---

[6]As Defendant notes, Plaintiff's deposition testimony does not support his assertion that "Home Depot was aware of [Plaintiff's] protected act" and that "Home Depot was also aware of his concerns that Mattern was setting him up with a false allegation related to his report of her illegal activity." (Reply at 7).

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:11-cv-05156-SVW (MRWx) | Date | January 19, 2012 |
| Title | Greg Hatto v. Home Depot USA Inc et al | | |

JS - 6

**B.     Plaintiff's Second Claim for Breach of Contract**

     Defendant notes that, under California law, in the absence of a specified term, an employment contract is presumptively "at-will" such that either party may terminate the relationship at any time, with or without cause. See Cal. Lab. Code § 2922; Foley v. Interactive Data Corp., 47 Cal.3d 654, 677 (1988) ("Labor Code section 2922 establishes a presumption of at-will employment if the parties have made no express oral or written agreement specifying the length of employment or the grounds for termination."). Where an employee signs a written agreement acknowledging that his employment is at-will, that provision controls over any implied contract. See, e.g. Hawkins v. Home Depot USA, Inc., 294 F.Supp.2d 1119, 1123 (2003). It is undisputed that the employment application signed by Plaintiff contained the following language:

> Should I become an employee of the Home Depot, I understand that my employment will be for no definite term, and that I will have the right to terminate my employment at any time, at my convenience, with or without cause or reason. I further understand that The Home Depot will have the same right. I understand that I am expected to comply with all Company rules and regulations, but that such rules do not create a contract between me and the Company. I understand and agree that any handbook I received will not constitute an employment contract, but will be a statement of the Company's current policies.

(Sexton Decl., Exh. 2 at p. 2; Hatto Depo. 15:1-16.). Hawkins involved a Home Depot employment application containing identical language. See Hawkins, 294 F.Supp.2d at 1123. There, the court found that, "[r]ather than rebutting the statutory presumption of at-will employment, this agreement confirms that plaintiff's employment with defendant was at will." Id. at 1124. The same reasoning applies in the instant action.[7]

---

[7]Furthermore, as Defendant notes, Plaintiff has presented no evidence of an "implied, contrary understanding" that would rebut the presumption of at-will employment. See Dore v. Arnold Worldwid, Inc., 39 Cal. 4th 384, 389 (2006). Rather, as Defendant notes, Plaintiff testified that: (1) Defendant verbally informed him that his employment would be "at will" (Hatto Depo., 30:1-7, 31:11-23); (2) "Home Depot has the ability to let you go for whatever reason they deemed fit, and you have the ability to leave our employment for whatever reason" (Hatto Depo. 29:16-21); (3) as a manager, Plaintiff had responsibility to explain to job applicants and newly-hired employees what it meant to be

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-05156-SVW (MRWx) | Date | January 19, 2012 |
|---|---|---|---|
| Title | Greg Hatto v. Home Depot USA Inc et al | | |

JS - 6

Plaintiff argues that, "[i]n the absence of an express agreement, the employee may rebut the statutory presumption of at-will employment by proving the existence of an implied-in-fact promise not to discharge without good cause, which can be proved by a course of conduct." (Opp. at 19) (citing Foley v. Interactive Data Corp., 47 Cal.3d 654 (1988)). However, as noted above, Plaintiff signed a written agreement containing a clear at-will employment provision. Accordingly, that express provision controls over any alleged implied contract to the contrary. See Guz v. Bechtel Nat. Inc., 24 Cal 4th 317, 340 n. 10 (2000) (noting that "most cases applying California law, both pre and post- Foley, have held that an at-will provision in an *express written agreement*, signed by the employee, *cannot* be overcome by proof of an implied contrary understanding") (emphasis in original) (citing, e.g. Halvorsen v. Aramark Uniform Services, Inc., 65 Cal.App.4th 1383, 1387-1389 (1998); Cruey v. Gannett Co., 64 Cal.App.4th 356, 362-363 (1998); Haggard v. Kimberley Quality Care, Inc., (1995) 39 Cal.App.4th 508, 516-522; Camp v. Jeffer, Mangels, Butler & Marmaro, 35 Cal.App.4th 620, 629-630 (1995); Anderson

v. Savin Corp., 206 Cal.App.3d 356, 360, 363-364 (1988); Gianaculas v. Trans World Airlines, Inc., 761 F.2d 1391, 1394 (9th Cir. 1985)); see also Hawkins, 294 F.Supp.2d at 1124 (citing Halvorsen, 65 Cal.App.4th at 1388). Accordingly, the Court GRANTS Defendant's Motion as to Plaintiff's Second Claim.

C. **Plaintiff's Third Claim for Defamation and Compelled Self-Defamation**

Defamation involves (a) a publication that is (b) false, (c) defamatory, and (d) unprivileged, and that (e) has a natural tendency to injure or that causes special damage. See, e.g. Price v. Operating Engineers Local Union No. 3, 195 Cal.App.4th 962, 970 (2011) (internal citation and quotation marks omitted). In his Third Claim, Plaintiff alleges that Defendant "falsely informed" parties other than Plaintiff that Defendant terminated Plaintiff's employment for threatening a co-worker with physical violence. (Compl. ¶ 28). Plaintiff further claims that he was "forced to re-publish the defamatory comments" because he had to explain why he was fired by Defendant when applying for a new job. (Id. ¶ 29).

Defendant argues that Plaintiff's Third Claim fails because: (1) Plaintiff has no evidence that Defendant made such statements; (2) such statements, if made, were privileged; (3) such statements, if made, were true; and (4) Plaintiff cannot show that he was "compelled" to defame himself. (Mot. at 20). The Court agrees. First, as Defendant notes, Plaintiff's statement in his Opposition that Mattern testified

---

an "at will" employee (Hatto Depo. 29:12-25); and (4) no one at Home Depot ever informed Defendant that his
employment was anything other than "at-will" (Pl. Dep. 30:8-17).

|  | : |
|---|---|
| Initials of Preparer | PMC |

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-05156-SVW (MRWx) | Date | January 19, 2012 |
|---|---|---|---|
| Title | Greg Hatto v. Home Depot USA Inc et al | | |

**JS - 6**

that Defendant "disseminated the information that [Plaintiff] was fired for threatening an employee to employees of the entire store" is contradicted by Mattern's deposition testimony, in which she does not state that Defendant disseminated this information, but states that she did not know why Plaintiff was terminated, and that she merely heard rumors regarding the reasons for Plaintiff's termination. (Mattern Depo. 84:12-25). The Court agrees with Defendant that the cited testimony is insufficient to raise a triable issue as to whether Defendant made the statements at issue.

Second, even if Plaintiff had produced admissible evidence that Defendant had disclosed information regarding his termination to other Home Depot employees, such disclosures would be privileged. As Defendant notes, under California Civil Code Section 47, an employer has a privilege to communicate information to parties who have a "common interest" in the subject matter of the communication so long as the communication is made without malice. See Cal. Civ. Code § 47(c); Deaile v. General Telephone Co. of California, 40 Cal.App.3d 841, 846 (1974). The court in Deaile held that an employer's statements to remaining employees relating to the reasons for the plaintiff's termination were privileged because they were reasonably calculated to protect or further a common interest of both the employer, as communicator, and the employees, as recipients. Id. at 847; see also King v. United Parcel Serv., Inc., 152 Cal.App.4th 426, 4440-41 (2007). The same reasoning applies in this case. Accordingly, the Court agrees with Defendant that even if Plaintiff could present admissible

evidence that Defendant disclosed the reasons for Plaintiff's termination to remaining employees, that evidence would not create a triable issue.

Third, Defendant argues that any such statements, if made, were true. "Truth is a complete defense to civil liability for defamation." Gill v. Hughes, 227 Cal.App.3d 1299, 1309 (1991) (internal citation omitted). As Defendant notes, it is true that Plaintiff was terminated because Defendant believed that Plaintiff threatened a coworker. (Mot. at 20). While Plaintiff argues that he did not violate Defendant's policy, Defendant concluded that Plaintiff did, in fact, violate company policy. Accordingly, any statement by Defendant that it terminated Plaintiff based on its belief that Plaintiff had violated company policy was truthful. Furthermore, as Defendant notes, the court in King upheld summary judgment for an employer where the employer communicated its belief that the plaintiff had violated the company's integrity policy even though the court noted that it did not know, and could not determine "whether plaintiff was guilty of the malfeasance as alleged." King, 152 Cal.App.4th at 442. There, as here, Plaintiff's "factual innocence or guilt is beyond the purview" of this Court's review. Id. Therefore,, any alleged statement that Plaintiff was terminated because Defendant determined that he

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-05156-SVW (MRWx) | Date | January 19, 2012 |
|---|---|---|---|
| Title | Greg Hatto v. Home Depot USA Inc et al | | |

JS - 6

had violated company policy was true, and thus cannot form the basis for a defamation claim.[8] Accordingly, the Court GRANTS Defendant's Motion as to Plaintiff's Third Claim.

V.  **CONCLUSION**

Defendant's Motion is GRANTED for the reasons set forth in this Order.[9]

---

[8] Plaintiff's allegations of compelled self-defamation fail for the same reason. Furthermore, as Defendant notes, Plaintiff has failed to produce any admissible evidence of such statements.

[9] Defendant's Motions to Strike are DENIED as moot.

|  | : |
|---|---|
| Initials of Preparer | PMC |